IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LEON HARRISON, § | |
| § | |
| Petitioner, § | |
| § | |
| V. § | CIVIL ACTION NO. H-14-1181 |
| § | |
| WILLIAM STEPHENS, DIRECTOR, TEXAS § | |
| DEPARTMENT OF CRIMINAL § | |
| JUSTICE, CORRECTIONAL § | |
| INSTITUTIONS DIVISION, § | |
| § | |
| Respondent. § | |

## MEMORANDUM AND RECOMMENDATION GRANTING RESPONDENT'S MOTION TO DISMISS

Before the Magistrate Judge in this federal habeas corpus proceeding that has been referred by the District Judge pursuant to 28 U.S.C. § 636(b)(1) is Respondent's Motion to Dismiss for Lack of Jurisdiction as a Successive Petition (Document No. 12). Having considered that motion, Petitioner's response, entitled "Leave for Denial of Respondent's Motion to Dismiss for Lack of Jurisdiction" (Document No. 16), Petitioner's previous federal habeas corpus proceeding in this Division of this District, *Harrison v. Cockrell*, Civil Action No. H-01-1469 (Lake, J.), and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Respondent's Motion to Dismiss be GRANTED, and this § 2254 proceeding be dismissed without prejudice under 28 U.S.C. § 2244(b)(3)(A) as a second or successive habeas corpus application for which Petitioner has not received authorization by the Fifth Circuit Court of Appeals to file.

Petitioner Leon Harrison ("Harrison") is currently incarcerated in the Texas Department of Criminal Justice, Institutional Division, pursuant to a 1998 felony conviction in the 184th District Court of Harris County, Texas, Cause No. 751713, for aggravated assault with a deadly weapon, for

which he was sentenced to thirty-six years imprisonment. That conviction was affirmed on appeal by the Texas' Fourteenth Court of Appeals on April 1, 1999, *Harrison v. State*, No. 14-98-00108-CR, and Harrison's petition for discretionary review was thereafter, on September 8, 1999, refused by the Texas Court of Criminal Appeals. Likewise, Harrison's state application for writ of habeas corpus was denied by the Texas Court of Criminal Appeals without written order on April 11, 2001.

On or about April 28, 2001, Harrison filed his first federal application for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction in Cause No. 751713. *Harrison v. Cockrell*, Civil Action No. H-01-1469 (referred to hereafter as "prior federal habeas corpus proceeding").[1] That prior federal habeas corpus proceeding was dismissed on the merits on August 14, 2003. *Id.* at Document Nos. 27 & 28. Thereafter, Fifth Circuit Court of Appeals denied Harrison a certificate of appealability (Document No. 37), and on December 6, 2004, Harrison's petition for writ of certiorari was refused by the United States Supreme Court (Document No. 41).

Over nine years later, on or about April 28, 2014, Harrison filed this, his second federal application for writ of habeas corpus challenging the validity of his conviction in Cause No. 751713. In this proceeding, Harrison raises claims of new, exculpatory DNA evidence, and of the improper use of a prior conviction for sentencing enhancement purposes. Harrison did not raise these claims in his prior federal habeas corpus proceeding, and maintains herein that the claims are new and were just recently discovered. Respondent argues that given Harrison's prior federal habeas corpus proceeding, and regardless of the nature of the new claims Harrison raises in this second federal

---

[1] Harrison has also filed an intervening federal application for writ of habeas corpus in this District, challenging the characterization of his conviction by TDCJ-ID. *Harrison v. Thaler*, Civil Action No. H-09-2314. That application was dismissed for failure to state a claim cognizable under 28 U.S.C. § 2254.

habeas corpus proceeding, this case must be dismissed for lack of jurisdiction because Harrison has not sought, and obtained, permission from the Fifth Circuit Court of Appeals to file a second or successive federal application for writ of habeas corpus.

28 U.S.C. § 2244(b) governs the filing and consideration of second or successive habeas corpus applications under 28 U.S.C. § 2254 by persons in custody pursuant to the judgment of a State court. Pursuant to § 2244(b)(3)(A),

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Here, Harrison has not asked for, or been given, permission by the Fifth Circuit Court of Appeals to pursue a second or successive federal application for writ of habeas corpus, as is required by 28 U.S.C. § 2244(b)(3). Accordingly, this action must be dismissed for lack of jurisdiction. *See United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) ("§ 2244(b)(3)(A) acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until this court has granted the petitioner permission to file one"); *see also Leal Garcia v. Quarterman*, 573 F.3d 214, 221 (5th Cir. 2009) ("claims based on a factual predicate not previously discoverable are successive"). This is not a determination that Harrison cannot raise such claims in a second or successive application; it is only a determination that he must first seek and obtain permission to do so from the Fifth Circuit Court of Appeals. The Magistrate Judge therefore

RECOMMENDS that Respondent's Motion to Dismiss for Lack of Jurisdiction as a Successive Petition (Document No. 12) be GRANTED, and that this case be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 2244(b)(3) for lack of jurisdiction.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140, 144-145 (1985); *Ware v. King*, 694 F.2d 89, 91 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this 7th day of January, 2015.

Frances H. Stacy
United States Magistrate Judge